UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 13-13-HRW

MARGARET ANN CRIDER,                             PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on February 23, 2010, alleging disability beginning on December 31, 2007, due to back pain, anxiety and degenerative disc disease (Tr. 110, 121). This application was denied initially and on

reconsideration (Tr. 106-109). On August 29, 2011, an administrative hearing was conducted by Administrative Law Judge Troy Patterson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 7, 2011, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 48-58).

Plaintiff was 40 years old at the time of the hearing decision. She has a GED <u>and</u> past relevant work experience as a customer service representative (Tr. 284).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 50).

The ALJ then determined, at Step 2, that Plaintiff suffers from discogenic back disorder, residual effects of a remote motor vehicle accident and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 50-51).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 51). In doing so, the ALJ specifically considered listings 1.00 and 12.05 (Tr. 51-52).

The ALJ further found that Plaintiff is unable to perform her past relevant work (Tr. 56) but determined that she has the residual functional capacity ("RFC") to perform a modified range of light work. She is limited to frequent fingering and handling with the upper extremities; may sit and stand at her

3

discretion; may only have occasional and superficial contact with co-workers and the public; can do no production pace work; may only have occasional routine changes in the work setting; and can only perform simple and routine repetitive tasks (Tr. 52).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 56).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 10, 2012(Tr. 38-41).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13 and 14] and this matter is ripe for decision.

## II. ANALYSIS

A.  **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B. **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in assessing her mental RFC and (2) the ALJ erred in assessing her physical RFC.

C. **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in assessing her mental

RFC. Specifically, Plaintiff claims that the ALJ gave substantial weight to the opinion of Courtney Spear, M.A., a certified psychologist and consultative examiner, but failed to incorporate all of her opined restrictions in the RFC determination.

Contrary to Plaintiff's assertion, a review of the hearing decision reveals that the ALJ thoroughly discussed the limitations opined by Ms. Spear, explained why he gave her opinion substantial weight and adequately incorporated her opined limitations in the RFC determination (Tr. 55-56, 396-97).

Ms. Spear examined Plaintiff on June 15, 2010. Her report is part of the record before this Court (Tr. 393-397). She opined that Plaintiff "may have some difficulty following complex instructions, although she should be able to follow simple, clearly stated, and often repeated instructions, especially if practice, supervision, and modeling were utilized;" that she "should be able to perform simple, repetitive tasks, especially if coupled with modeling and practice opportunities;" that she "interacted appropriately with the examiner and the receptionist, indicating skills in one-on-one interactions;" and that she "gave indications of great difficulties in dealing with stress and changes from task to task and would likely have a lot of difficulty doing so in a work setting, especially without involvement in successful mental health treatment" (Tr. 396-97).

Consistent with the limitations opined by Ms. Spear, the ALJ mentally limited Plaintiff to occasional and superficial contact with co-workers and the public; no production pace work; only occasional routine changes in the work setting; and simple and routine repetitive tasks (Tr. 52).

Plaintiff alleges that the ALJ's RFC determination "fails to address the need for modeling and practice opportunities in following simple instructions" and "also does not address any need for instructions to be repeated." However, Ms. Spear did not indicate that Plaintiff required practice, supervision, and modeling, as Plaintiff alleges (Tr. 396). While Ms. Spear noted that Plaintiff would be able to understand, retain, and follow instructions "especially if practice, supervision, and modeling were utilized," her use of the word "especially" shows that practice, supervision, and modeling were not prerequisites to Plaintiff being able to understand, retain, and follow instructions (Tr. 396).

Similarly, Plaintiff alleges that the ALJ failed to include Ms. Spear's opinion Plaintiff required "instructions to be repeated" (Tr. 396). However, Ms. Spear's opined limitation to "simple, clearly stated, and often repeated instructions" was adequately encompassed by the mental RFC determination, limiting Plaintiff to simple, routine, and repetitive tasks (Tr. 52, 396).

Finally, Plaintiff alleges that Ms. Spears indicated that "involvement in

successful mental health treatment" was a prerequisite for Plaintiff to be able to deal with stress and pressures associated with a work environment (Tr. 397). Again, Ms. Spears noted that Plaintiff would have difficulties dealing with "stress and changes from task to task" in a work setting, "**especially** without involvement in successful mental health treatment" (emphasis added) (Tr. 397). Therefore, Ms. Spears did not state that her opinion was predicated on Plaintiff's completion of successful mental health treatment, rather, she stated that without mental health treatment, Plaintiff would have difficulties changing from task to task (Tr. 397). Accordingly, the ALJ included a limitation to only occasional routine changes in the work setting (Tr. 52).

It is well established that even if the ALJ gave substantial weight to Ms. Spear's opined limitations, the ALJ was not required to adopt them verbatim in the RFC determination. It is the ALJ who bears the responsibility of formulating the RFC. Additionally, as a consultative examiner, Ms. Spear has only examined Plaintiff on one occasion, and her opinion is not entitled to any special weight or deference. *See* 20 C.F.R. §§ 404.1527©, 416.927©; Therefore, even assuming *arguendo* that the ALJ failed to adopt some of the more specific limitations opined by Ms. Spear, the ALJ clearly discussed all of her opined limitations in the decision, so any limitations not found in the RFC were implicitly rejected by the

8

ALJ.

Plaintiff further maintains that "[l]imiting a claimant to unskilled work does not adequately describe the impact of a claimant's limited ability to maintain concentration, persistence, or pace," citing a case from another district that is not binding on this court. Here, the ALJ concluded that Plaintiff was limited with regard to concentration, persistence, and pace (Tr. 52). However, the ALJ did not merely limit Plaintiff to "unskilled work," as Plaintiff implies (Tr. 52). Rather, the mental RFC determination included all of the limitations indicated by the medical evidence in the record, including limitations to only superficial contact with co-workers and the public, no production pace work, occasional routine changes in the work setting, and simple and routine repetitive tasks (Tr. 52).

Despite Plaintiff's challenge on appeal, substantial evidence supports the ALJ's mental RFC determination .

Plaintiff's second claim of error is that the ALJ erred in assessing her physical RFC. Specifically, she maintains that the ALJ erred in giving significant weight to the opinion of consultative examiner Kip Beard, M.D. but failing to note his finding of central canal stenosis or neuroforminal stenosis and his remarks Plaintiff's gait was slow, her flexion was limited, and her supine straight leg raise was 60 degrees bilaterally. Yet, Dr. Beard noted that Plaintiff did **not** have canal

9

stenosis and had only mild neuroforminal stenosis (Tr. 408-09). Moreover, in his medical source statement, Dr. Beard opined no greater limitations than the ALJ assessed in the RFC, and, in the decision, the ALJ adequately analyzed and incorporated the functional limitations opined by Dr. Beard (Tr. 55, 408-09). The ALJ was not required to recite each exam finding that Dr. Beard based his opinion upon (Tr. 55, 404-09). *See Bailey v. Comm'r of Soc. Sec.*, 413 Fed. App'x 853, 855 (6th Cir. 2011) (finding that an ALJ "is not required to analyze the relevance of each piece of evidence individually" as long as the ALJ cited to evidence and fully explained the reasons for denying benefits). Moreover, Plaintiff does not explain how any of these exam findings indicate a greater degree of physical limitation than the ALJ assessed in the RFC.

Accordingly, despite Plaintiff's challenge, substantial evidence supports the ALJ's physical RFC determination.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

10

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22nd day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge